## IN THE SUPERIOR COURT OF GUAM

AGANA BEACH CONDOMINIMUM )
HOME OWNERS' ASSOCIATION and )
GERALD LOPEZ, )
                        )
        Petitioners, )
                        )
    vs. )
                        )
CARLOS R. UNTALAN, DIRECTOR OF )
THE DEPARTMENT OF LAND )
MANAGEMENT, GOVERNMENT OF )
GUAM, )
                        )
        Respondent, )
                        )
    and )
                        )
PORTIA SEELY, )
PRISCILLA SHERFY, )
JEANNE WIMETT, )
FLORENCE HAIR, )
ANTHONY H. INOCENTES, trustee of the )
Estate of Margarita H. Inocentes, )
                        )
        Real Parties in Interest. )

SPECIAL PROCEEDINGS CASE
NO. SP0112-11

DECISION AND ORDER

## INTRODUCTION

This matter was assigned to the Honorable James L. Canto II on August 11, 2014, and came before the Judge on reversal and remand of a prior court's decision in *Agana Beach Condo. Homeowners' Ass'n v. Mafnas*, 2013 Guam 9 and Petitioners Agana Beach Condominium Home Owners' Association, and Gerald Lopez's petition for writ of mandate,

filed October 21, 2013. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

A detailed factual and procedural background of this case prior to the instant petition for writ of mandate can be found in *Agana Beach Condo. Homeowners' Ass'n v. Mafnas*, 2013 Guam 9 ¶¶ 3-9. In *Agana Beach Condo.*, the Supreme Court of Guam's majority opinion held that the prior court erred in the following manner:

> The trial court erred when it denied the petition for writ of mandamus for lack of standing because the Homeowners are beneficially interested as adjoining landowners to the subject property. The trial court also erred in denying the petition for lack of subject matter jurisdiction because the trial court possesses subject matter jurisdiction over the mandamus action seeking to annul the Director's approval of a split-zone change. Improper verification was not grounds to dismiss the case for lack of subject matter jurisdiction. On remand, the Homeowners shall have the opportunity to correct this defect. Furthermore, the trial court erred in ruling the case was moot, because the only relief sought in the petition pertained to the Director's actions in approving the split-zone change, and this relief has not yet been afforded or obviated by the present zoning situation. Lastly, although the trial court did not analyze the issue of indispensable parties, which was broached by the Director on appeal, we remand the case to proceed after joining the successor Lessors, who we determine are necessary parties to the case.

*Agana Beach Condo.*, 2013 Guam 9 ¶ 72.

Since the Guam Supreme Court's decision, Portia Seely, Priscilla Sherfy, Jeanne Wimett, Florence Hair, and Anthony H. Inocentes, trustee of the Estate of Margarita H. Inocentes, have been added to the case as real parties in interest.

On October 21, 2013, Petitioners filed a new verified petition for writ of mandate. Citing Public Law 25-131 and 21 GCA § 61214, Petitioners argue that the then-Director of the Department of Land Management (hereinafter "DLM") wrongfully approved Marciano V. Pangilinan's request for a split-zone change, from dual-zoned Commercial and R-2, a multi-family dwelling, to an entirely commercial zone, when Pangilinan was only a lessor and not a property owner. (Pet., 1-5, Oct. 21, 2013).

On January 13, 2014, Respondent filed an opposition to the petition. Respondent argues that the legislative intent behind 21 GCA § 61214 allows a lessee to step into an owner's shoes. (Opp'n Pet., 5, Jan. 13, 2014). Furthermore, Respondent contends that the terms of the lease grant lessee Pangilinan the rights of a property owner to develop the property, and that other jurisdictions support this interpretation. *Id.* at 6-7.

On February 4, 2014, Petitioners filed a reply. Petitioners reassert that Public Law 25-131, codified at 21 GCA § 61214, was enacted to provide relief to *property owners* of split-zoned lots, not lessees. (Reply, 6-8, Feb. 4, 2014). Furthermore, Petitioners dispute Respondent's theory that the lessee steps into the owner's shoes, claiming that the language of the lease does not support Respondent's interpretation. *Id.* at 8-11.

## DISCUSSION

### I. Petition for Writ of Mandate

Under Guam law: "*Mandamus* relief is an extraordinary remedy employed in extreme situations." *A.B. Won Pat Guam Intern. Airport Auth. ex rel. Board of Directors v. Moylan*, 2005 Guam 5 ¶ 10 (*quoting Guam Publ'ns, Inc. v. Super. Court*, 1996 Guam 6 ¶ 10). A writ of mandate may be issued by "any court, [except a commissioner's court or police court,] to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station." 7 GCA 31202 (2013).[1] Put simply, the "primary purpose of *mandamus* is the enforcement of a plain, nondiscretionary legal duty to act." *Bank of Guam v. Reidy*, 2001 Guam 14 ¶ 13 (citations omitted). The burden is on the petitioner to show that a writ should issue. *Guam Election Comm'n v. Responsible Choices for All Adults Coal.*, 2007 Guam 20 ¶ 26.

As a threshold issue: (1) Petitioners must show that there is no plain, speedy, and adequate remedy at law, and (2) the petition must be a verified petition of the party beneficially

---

[1] Because 7 GCA § 31202 is derived from California Code of Civil Procedure §1085, California case law construing the identical statute is persuasive. *Guam Fed. of Teachers ex rel. Rector v. Perez*, 2005 Guam 25 ¶ 23 (citations omitted).

interested. 7 GCA § 31203 (2013). The Supreme Court of Guam has already determined in this case that Petitioners lack a plain, speedy, and adequate remedy at law and that *mandamus* is an "appropriate remedy to seek redress of an alleged illegal action affecting the Homeowners' rights." *Agana Beach Condo.*, 2013 Guam 9 ¶ 32. Further, the Supreme Court of Guam found that the Petitioners are beneficially interested due to their geographical nexus as adjoining landowners. *Id.* at ¶ 33. Given this plus the fact that the petition for writ of mandate filed October 21, 2013 was a verified petition, Petitioners have met their initial burden. 7 GCA § 31203 (2013).

Seeking guidance from California case law, the Supreme Court of Guam has articulated additional requirements which must be met before writ of mandate may issue. *See Perez*, 2005 Guam 25 ¶¶ 23-28. In reviewing a petition for *mandamus* relief, the petitioner must also show "(1) [a] clear, present and usually ministerial duty on the part of the respondent; and (2) [a] clear, present and beneficial right in the petitioner to the performance of that duty." *Reidy*, 2001 Guam 14 ¶ 14. Thus "[m]andamus will not issue to compel performance of an act by one not having a clear, present, and usually ministerial duty to perform that act." *Id.* (*citing Baldwin–Lima Hamilton Corp. v. Super. Ct.*, 25 Cal.Rptr. 798, 805 (Ct.App. 1962)). *Mandamus* relief seeks to enforce this nondiscretionary legal duty to act. *Id.*

In this case, the Court must determine whether the Director of DLM has a clear, present, and usually ministerial duty to rescind an approval of a lessee's split-zone change on the subject property where both the former and current 21 GCA § 61214 entitles a "property owner" of a lot with two separate zoning designations to select one of them to apply to the entire lot. Crucial to the Court's analysis is the meaning of "property owner" as used in 21 GCA § 61214.

## II.    The Meaning of "Property Owner"

At the time of Pangilinan's split-zone change application, 21 GCA § 61214 stated as follows:

> Whenever a lot has two (2) separate zoning designations within its boundaries, the *property owner* shall have the right to select one of the two (2) zones and to have it apply to the entire lot. Upon receiving a written request by a property owner to

correct a split-zoning situation, the Director of the Department of Land Management shall approve the request, shall process all necessary documents to reflect the approval, and shall update all official maps of the Island to indicate the zone which the property owner has chosen.

*Agana Beach Condo.*, 2013 Guam 9 ¶ 5 n.3 (emphasis added) (*citing* 21 GCA § 61214 (2005)).[2]

The parties dispute the meaning of "property owner." Petitioners argue that Portia Seeley, Priscilla Sherfy, Jeanine Wimett, Florence Hair and Anthony Inocentes, trustee of the Estate of Margarita H. Inocentes, are the only property owners of the property in question. (Reply, 4, Feb. 4, 2014). They assert that Pangilinan, as lessee, did not have authority to apply for the zoning change under the language of the statute. *Id.* at 7-8. Respondent argues that the legislative intent behind 21 GCA § 61214 allows a lessee the right to step into the owner's shoes. (Opp'n Pet., 4-6, Jan. 13, 2014). Accordingly, Respondent posits that Pangilinan, as lessee, had the right to apply for the zoning change. *Id.*

### a. Legislative Intent

In all cases involving statutory construction, the starting point of analysis is the language employed by the legislature. *American Tobacco Co. v. Patterson*, 456 U.S. 63, 68 (1982) (citations omitted). Generally, courts assume "that the legislative purpose is expressed by the ordinary meaning of the words used." *Id.* (*citing Richards v. United States*, 369 U.S. 1, 9 (1962)). However, this presumption is subject to limitations. *See Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982) ("[I]n rare cases the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters, and those intentions must be controlling.").

---

[2] Former 21 GCA § 61214 was repealed and reenacted by Guam Pub.L. 31–098:2 (Sept. 30, 2011). *Agana Beach Condo.*, 2013 Guam 9 ¶ 5 n.3. The wording was changed, but the current statute is substantially similar in effect. *Id.* The current 21 GCA § 61214(a) provides as follows:

> (a) Split–Zone Election. Whenever a lot is affected by a zoning boundary which creates two (2) separate zoning designations within its boundaries, the *property owner* of such affected lot shall have the right to select one (1) of the two (2) zones, and to have it apply to the entire lot. Upon receiving a written request by a property owner to elect a zoning designation for the affected lot, the Director of the Department of Land Management shall approve the request, shall process all necessary documents to reflect the approval, and shall update all official maps of Guam to indicate the zone which the property owner has chosen.

*21 GCA § 61214(a) (2013)* (emphasis added).

With respect to 21 GCA § 61214, the Committee Report on March 30, 2000 for Bill No. 367, designed to add a new section chapter 61 of the Guam Code Annotated relative to resolving split-zoned situations, sheds light on the legislative intent of the statute.[3] The Report by the Legislative Committee on Land, Agriculture, Military Affairs and the Arts provides that Bill No. 367 was introduced to remedy the problem that surfaced when single-family housing was constructed, the building plans were approved, and building permits were issued, yet all in violation of zoning law due to the "two hundred (200) foot" problem.[4] (Decl. James M. Maher, Exhibit 1, Feb. 4, 2014). Thus the bill was introduced, and signed into law, to remedy such a problem which might arise when structures are built on certain real property.

In this case, paragraph 10 of the lease provides that Pangilinan, as tenant and lessee, has the right to "erect on said premises such building or structures as he desires." (Decl. James M. Maher, Exhibit 6, Feb. 4, 2014). Therefore, the Courts finds that a lessee who has the right to build structures on leased property falls within the purview of a statute designed to help those who constructed a building in light of the "two hundred (200) foot" problem inherent in a split-zoned lot. Invariably, lessees with rights to erect buildings would be affected in the same manner as lessors. To find otherwise would lead to pragmatic quagmires where a lessor, who was granted the right to build structures and install fixtures and equipment as he desired, would be prevented from building any residential or commercial structure, even though he contracted for that right in the lease and has full permission by the owner to do so. *See People v. Taman*, 2013 Guam 22 ¶ 15 (considering pragmatic quagmires and absurd consequences when interpreting the meaning of a statute). This reasoning falls in line with the legislature's intent as expressed in other zone change laws on Guam. See 21 GCA § 61632 ("A proposed [zone] change my be initiated by the [Territorial Land Use] Commission or by an application directed

---

[3] Bill No. 367 was signed into law as Public Law No. 25-131.

[4] The Committee Reports states: "The Chairman explained that he introduced the bill to correct action by previous legislatures who blanket rezoned private property along the major rights-of-ways and 200 feet into their boundaries to the Commercial zone. This caused lots that straddled the 200 foot boundary line to be zoned both the old zone and the new commercial zone." Hence the Court's reference to the "two hundred (200) foot" problem.

to the Commission by any person owning **or leasing** real property within the area covered by the zone.") (emphasis added).

### b. Case Law in Other Jurisdictions

Furthermore, the Supreme Court of Guam has instructed that "[w]here a statute contains an undefined term, it is useful to reference other courts' interpretation of that term." *Carlston v. Guam Tel. Auth.*, 2002 Guam 15 ¶ 21 (citations omitted). There are no cases in this jurisdiction that specifically address the meaning of "property owner" as set forth in 21 GCA § 61214. Thus, the Court looks to courts in other jurisdiction for guidance.

The Supreme Court of Minnesota has articulated that an owner of real property includes a "person who has usufruct, control, or occupation of real estate, whether his interest in it is an absolute fee, or an estate for years under a lease." *Parker v. St. L. R. Co.*, 82 N.W. 673, 673 (Minn. 1900) (citations omitted). Accordingly, a tenant for a term of years is deemed an owner of the property. *Id.* In the context of eminent domain, New York courts have held that an owner of property includes "all persons having any estate, interest or easement in the property to be taken, or any lien, charge or encumbrance thereon." *People v. Thornton*, 106 N.Y.S. 704, 705 (App. Div. 1907).

In the context of zoning regulations, Connecticut courts have recognized "the possibility that a tenant for a great number of years may, because of such factors as the length and nature of its tenancy, its formal assumption of real estate property tax liability, and its ability, under its lease, to deal with the property almost as if it were, in effect, a fee holder, be deemed an owner of the property for purposes of a particular zoning ordinance or statute." *Pergament Norwalk Corp. v. Kaimowitz*, 496 A.2d 217, 221 n.5 (Conn. App. Ct. 1985). Kansas courts have also held that a lessee may be considered a property owner. *Bonanza, Inc. v. Mclean*, 747 P.2d 792, 796 (Kan. 1987).

Considering the cases in other jurisdictions and that (1) the lease term is for a period of sixty (60) years, (2) the lessee is responsible for the utility charges and the real estate taxes on the property, and (3) the lessee has the right to erect buildings and structures at will on the

property, the Court finds that lessor Pangilinan had the right to apply for a split-zone change as a "property owner" as that term is contemplated by the statute (See Decl. James M. Maher, Exhibit 6, Feb. 4, 2014). Correspondingly, the Court finds that the Director of DLM had the right, if not the affirmative duty, to approve the application. Therefore, the Director of DLM holds no clear, present, and usually ministerial duty to rescind the approval of lessee Pangelinan's split-zone change on the subject property. *See Reidy*, 2001 Guam 14 ¶ 14.

For these reasons, Petitioners' petition for writ of mandate is denied.

///

///

///

## CONCLUSION

Based upon the foregoing, Petitioners Agana Beach Condominium Home Owners' Association and Gerald Lopez's petition for writ of mandate is hereby DENIED.

**SO ORDERED** this _16TH_ day of September, 2014.

_____

**HONORABLE JAMES L. CANTO II**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
James Maher, AG's off.
George Valdez
Date: 9/16/14 Time: 3:45pm

Deputy Clerk, Superior Court of Guam